UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL FRASER,

    Plaintiff,

v.

MINT MOBILE, LLC,

    Defendant.

No. C 22-00138 WHA

**ORDER RE MOTION FOR LEAVE TO AMEND COMPLAINT**

# INTRODUCTION

In this action accusing defendant mobile carrier of liability for lost funds, plaintiff seeks leave to file a first amended complaint. For the following reasons, the motion is **DENIED**.

# STATEMENT

A prior order detailed the facts (Dkt. No. 37). In brief, plaintiff Daniel Fraser initiated this action to hold defendant Mint Mobile, LLC responsible for its purported role in the theft of his cryptocurrency. Fraser alleges that his personal information was leaked when Mint experienced a large-scale data breach between June 8 and June 10, 2021. Then, on June 11, 2021, criminals used the leaked information to hijack Fraser's phone via a SIM port. The criminals then hacked Fraser's cryptocurrency account — held in a non-party cryptocurrency exchange — and stole the equivalent of $466,000.00.

A recent order dated April 27, 2022, granted Mint's motion to dismiss as to several but not all claims, including Fraser's Computer Fraud and Abuse Act claim, California Business & Professions Code Section 17200 claims, and request for punitive damages. Fraser now moves to amend his complaint to rectify the dismissed claims.

This order follows full briefing and finds this motion suitable for disposition on the papers. Civ. L.R. 7-1(b). The hearing is hereby **VACATED**.

### ANALYSIS

Rule 15 states that leave to amend should be freely given when justice so requires. A district court will consider: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) repeated failure to cure deficiencies despite previous amendments. The touchstone of the evaluation is prejudice to the opposing party, but futility alone can justify denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

On futility, "[a] motion to make an amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation omitted). As in a motion to dismiss, an amended complaint properly states a claim when the factual allegations permit a reasonable inference, not just speculation, that defendants are liable for the misconduct alleged. All factual allegations rate as true, but legal conclusions merely couched as fact may be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Nothing in the record indicates that Fraser has acted in bad faith, has delayed in bringing this motion, or that he has failed to cure deficiencies despite previous amendments. Mint does not dispute this, nor has it argued that it will suffer prejudice should this order grant amendment. Accordingly, this order focuses on futility.

### 1. COUNT III: COMPUTER FRAUD AND ABUSE ACT.

Mint argues that Fraser's amendments to his CFAA claim do not resolve the failure to allege harm. To state a civil claim under the CFAA, the plaintiff must allege that he or she "suffer[ed] damage or loss by reason of [the defendant's] violation." 18 U.S.C. § 1030(g). As the April 27 order discussed in detail, the CFAA's definitions of damage and loss "focus on technological harms — such as corruption of files — of the type unauthorized users cause to computer systems and data." *Van Buren v. United States*, 141 S. Ct. 1648, 1660 (2021).

Fraser's proposed amendments provide no new relevant facts. Rather than allege losses arising from the breached system, the amendments now describe how Fraser hired "a crytopographic expert to trace blockchain movements of [his] stolen assets" (Proposed First Amd. Compl. ¶ 158). But these fees were not related to remedying technological harms inflicted on the breached computer or system. Instead, they "flow[ed] from the use of unlawfully obtained information." *Delacruz v. State Bar of Cal.*, 2017 WL 7310715, at *6 (June 21, 2017) (Judge Susan Van Keulen), *report and recommendation adopted*, 2017 WL 3129207 (N.D. Cal. July 24, 2017) (Judge Beth Labson Freeman). Fraser's amended complaint concedes this point. The costs were not incurred to assess the breached system but to "assess his damages" (Proposed First Amd. Compl. ¶¶ 156–57).

Because Fraser's amendments fail to plead a loss recognized by the CFAA, this order need not reach the proposed changes to the aiding-and-abetting theory for this claim (*id.* ¶ 154).

For the foregoing reasons, Fraser's motion for leave to amend the CFAA claim is **DENIED**, and the claim is **DISMISSED WITH PREJUDICE**.

### 2. COUNTS VII–IX: PUNITIVE DAMAGES.

Mint also argues that Fraser's amendments to his negligence claims fail "to sustain a demand for punitive damages" (Opp. 8). This order agrees.

A prior order set out the standard for recovery of punitive damages in unintentional tort actions in California (Dkt. No. 37). While punitive damages may be assessed, "negligence, even if gross or reckless, cannot justify punitive damages." *Lee v. Bank of Am.*, 218 Cal. App.

3d 914, 920 (1990). Fraser's amended allegations make no headway from the original complaint.

*First*, Fraser offers no changes to the original negligence claims. The amended complaint continues to rely on statements a previous order deemed "conclusory and lack[ing] any factual underpinning" (Dkt. No. 37). *Second*, Fraser does insert allegations that, once discovery begins, he expects to find documents demonstrating Mint's "intentional decisions . . . to bypass required security and privacy measures" (Proposed First Amd. Compl. ¶ 68). But these purely anticipatory allegations fail to state a claim. As they stand now, these amendments are futile.

For the foregoing reasons, Fraser's motion for leave to amend the allegations for punitive damages under Counts VII, VIII, and IX, is **DENIED**.

3. **COUNTS IV–VI: SECTION 17200.**

Finally, Fraser's amended complaint attempts to rectify deficiencies in his Section 17200 claims. Fraser provides no briefing in support of these changes. Upon review, the amendments rank as futile.

Section 17200 creates a cause of action for business practices that are unlawful, unfair, or fraudulent. Each prong provides a separate and distinct theory of liability. Cal. Bus. & Profs. Code § 17200; *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Although Fraser has pleaded under each of the three prongs, he requests the same relief:

> Plaintiff seeks public injunctive relief against MINT's unfair and unlawful practices to protect the public and restore to the parties-in-interest money or property taken as a result of MINT's unfair competition. Plaintiff seeks a mandatory cessation of MINT's practices

(Proposed First Amd. Compl. ¶¶ 179, 203, 213). These amendments, however, still fail to properly state a claim for relief.

*First*, Fraser's Section 17200 claims try to resurrect his improper request for damages, originally framed as restitution, now in the form of injunctive relief. Discarding the legalese, "restor[ing] the parties-in-interest money or property taken as a result of Mint's unfair competition" is simply a request for damages that avoids using the word (*id*. ¶¶ 179, 203, 213).

4

1    The amended complaint only avers Fraser's loss of his cryptocurrency, just like the original
2    complaint. As stated in the order on Mint's motion to dismiss, restitution of money or property
3    "requires both that money or property have been lost by a plaintiff, on one hand, and that it
4    have been acquired by a defendant, on the other." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310,
5    336 (2011). Fraser still alleges no facts that Mint, and not the third-party criminal, acquired his
6    cryptocurrency. This veiled request for damages fails once again.

*Second*, Fraser's Section 17200 claims also fail to generally state a claim for injunctive relief. Fraser requests no specific injunction as to any particular Mint practice. He instead seeks a generic order requiring the "cessation of Mint's practices." This rote recitation of the elements of a Section 17200 claim fails. *See Ashcroft*, 556 U.S. at 678; *Ice Cream Distributors of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, 487 F. App'x 362, 363 (9th Cir. 2012) (Mem.). Fraser has failed to put Mint on notice of the relief sought.

Because Fraser fails to rectify deficiencies in his allegations for purported violation of Section 17200, this amendment is futile. This order accordingly need not consider whether Fraser's request qualifies as public, as opposed to private, injunctive relief. Fraser's request for leave to amend the allegations for his Section 17200 claims is **DENIED**.

## CONCLUSION

In sum, Fraser's motion for leave to file a first amended complaint is **DENIED**. Fraser's CFAA claim is **DISMISSED WITH PREJUDICE**. His claims for declaratory judgment (Count I), violation of the Federal Communications Act (Count II), negligence (Counts VII–IX), and breach of contract (Counts X, XI), remain.

**IT IS SO ORDERED.**

Dated: July 1, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE